**In re Hubert L. MORGAN, Debtor.**

**Bankruptcy No. 83-01384.**

United States Bankruptcy Court,
N.D. Alabama.

Nov. 21, 1984.

Thomas J. Knight, Anniston, Ala., for debtor.

Dwight Rice, Phillips & Rice, Anniston, Ala., for creditor.

### ORDER DENYING RELIEF FROM STAY

L. CHANDLER WATSON, Jr., Bankruptcy Judge.

At a hearing in the above-styled case upon a creditor's motion for relief from the stay provided by 11 U.S.C. § 362(a), at Anniston, Alabama, on June 19, 1984, with only the debtor's attorney and the attorney for the movant, Diane Smith, present before the Court, the parties agreed that the relevant facts were not disputed and the Court considered the movant's arguments that nondischargeability of the particular debt under 11 U.S.C. § 523(a)(5) (a debt owed to a former spouse or child of the debtor for alimony to or maintenance for, or support of such spouse or child) provides "cause" to lift the stay, within the meaning of 11 U.S.C. § 362(d)(1).

The Court recognizes that the claim of a former spouse or child for delinquent alimony or child support is often of paramount importance to such former spouse or child. Congress has sought to provide relief to such a party through the exception to the automatic stay provided by 11 U.S.C. § 362(b)(2), which provides that the filing of a petition in bankruptcy does not operate as a stay under § 362(a) of the collection of alimony, maintenance, or support from property that is not property of the estate. However, to allow the movant to proceed against property of the estate would effectively promote one unsecured creditor ahead of all others. The argument may thus be made that any nondischargeable debt would be entitled to preferred treatment so as to permit collection efforts against property of the estate by the holder of a nondischargeable debt. The Court doubts the soundness of this argument and notes that to allow such practice would have an extremely disruptive effect on chapter 11 reorganization efforts. Further, it appears to the Court that the Bankruptcy Code has provided a remedy to this movant through the exception provided by 11 U.S.C. § 362(b)(2). It is the opinion of the Court, therefore, that nondischargeability of a debt under § 523(a)(5) does not provide the "cause" necessary for the Court to lift the stay against property of the estate provided by § 362(a). The movant has shown no other cause for the granting of the relief sought, and it is therefore ORDERED by the Court that the motion of Diane Smith is denied, and that a copy of this order shall be sent through the United States mails to each of the following (which shall be sufficient service and notice hereof): the debtor, the debtor's attorney, the movant's attorney, and the United States trustee.